UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS and THE HIGHWAY, ROAD AND STREET CONSTRUCTION LABORERS LOCAL UNION 1010, <br><br> Plaintiffs, <br><br> -against- <br><br> CONCRETE INDUSTRIES ONE CORP., <br><br> Defendant. | 18 CV _____ <br><br> **COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

### NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare and pension funds through their respective Boards of Trustees, and by a labor union, to collect delinquent employer contributions to employee benefit plans and dues check-offs and other contributions that an employer was required to withhold from its employees' pay and forward to the union.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to Sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145; Section 301 of the LMRA, 29 U.S.C. § 185; and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Plaintiff the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

6. Upon information and belief, defendant Concrete Industries One Corp. ("Concrete Industries") is a corporation incorporated under the laws of the State of New York, with its principal place of business at 4809 Avenue N, Brooklyn, New York 11234, engaged in the construction business.

## FACTS

**The Collective Bargaining Agreement**

7. At relevant times herein, Concrete Industries was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Union.

8. The CBA requires Concrete Industries to contribute to the Funds and related entities on behalf of which they act as collection agents on or before the 35th day after the close of a

calendar month in amounts determined by multiplying specified hourly contribution rates by the number of hours of employment of Concrete Industries employees within the trade and geographical jurisdiction of the Union ("Covered Work").

9. The CBA further provides that Concrete Industries must forward specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by Concrete Industries' employees.

10. Pursuant to the CBA, if an employer fails to pay fringe benefits when due, the employer is liable to the Funds for interest on the amount of unpaid fringe benefits at an annual rate of 10%.

11. Pursuant to the CBA, in the event the Funds are required to employ an attorney to collect the fringe benefits due and owing, Concrete Industries is obligated to pay to the Funds its attorneys' fees.

12. The CBA provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein."

13. The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

14. Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, Concrete Industries is bound to the terms of the Collection Policy.

15. Article II of the Collection Policy provides that if Concrete Industries fails to make contributions when due, Concrete Industries is liable to the Funds for interest on the amount of unpaid fringe benefits at an annual rate of 10% and liquidated damages of 10% of the amount of the unpaid contributions.

16. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA.  In addition, Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

**Delinquent Contributions**

17. The CBA requires Concrete Industries, *inter alia*, to report to the Funds the number of hours of Covered Work performed by each employee.

18. Per monthly remittance reports submitted by Concrete Industries to the Funds, Concrete Industries owes contributions to the Funds for Covered Work performed by its employee from July through November 2017 in the amount of $47,519.52.

19. Concrete Industries also failed to report the number of hours of Covered Work performed by each employee and to submit contributions for Covered Work performed by each employee from December 2017 through the present.

20. Concrete Industries also owed interest on the late payment of contributions for April 2014 through July 2017 in the amount of $5,072.87.

21. Pursuant to the CBA, the documents and instruments governing the Funds, and Section 502(g)(2) and 515 ERISA, 29 U.S.C. §1132(g)(2) and 1145, and Section 301 of the

LMRA, 29 U.S.C. § 185, Concrete Industries is liable to the Funds for contributions in connection with all Covered Work performed by its employees from July through November 2017, to the Union for dues check-offs and other contributions owed to the Union in connection with Covered Work performed by its employees during July through November 2017, to the Funds and the Union in an unknown amount for Covered Work performed December 2017 through the present, to the Funds for interest on the late payment of contributions for April 2014 through July 2017 of $5,072.87, interest on the unpaid fringe benefits at an annual rate of ten percent (10%), liquidated damages of at least ten percent (10%) of the principal amount of the delinquency, and all reasonable attorneys' fees, expenses and costs incurred by Plaintiffs in prosecuting this suit.

## FIRST CLAIM FOR RELIEF

22. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 21 hereof.

23. Per monthly remittance reports submitted by Concrete Industries to the Funds, Concrete Industries owes contributions to the Funds for Covered Work performed by its employee from July through November 2017 in the amount of $47,519.52.

24. Concrete Industries also failed to report the number of hours of Covered Work performed by each employee and to submit contributions for Covered Work performed by each employee from December 2017 through the present.

25. Concrete Industries also owed interest on the late payment of contributions for April 2014 through July 2017 in the amount of $5,072.87.

26. These amounts remain outstanding despite a demand for payment.

27. Pursuant to the CBA and the Collection Policy, if an employer fails to pay fringe benefits when due, the employer is liable to the Funds for interest on the amount of unpaid fringe

benefits at an annual rate of 10% and liquidated damages of 10% of the amount of unpaid contributions.

28. Pursuant to the CBA, in the event the Trustees are required to employ an attorney to collect the fringe benefits due and owing, Concrete Industries is obligated to pay to the Funds its attorneys' fees.

29. Accordingly, pursuant to the CBA, and the documents and instruments governing the Funds, Concrete Industries is liable for contributions owed to the Funds and the Union for July through November 2017 in in the amount of approximately $47,519.52, for an unknown amount of unreported contributions for December 2017 through the present, for an unknown amount of unreported dues check-offs and other contributions to the Union for December 2017 through the present, for interest on the late payment of contributions of $5,072.87, interest on the amount of unpaid fringe benefits at an annual rate of 10%, liquidated damages in the amount of 10% of the unpaid fringe benefits adjudged to be due and owing, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

30. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 29 hereof.

31. Section 515 of ERISA requires employers to make contributions to a multiemployer plan under the terms of a collective bargaining agreement. 29 U.S.C. § 1145.

32. Each of the Funds is a "multiemployer plan" as that term is used in Section 515 of ERISA.

33. Concrete Industries is an "employer" as that term is used in Section 515 of ERISA.

34. Concrete Industries has failed to pay fringe benefit contributions to the Funds pursuant to the CBA in connection with Covered Work performed by its employees during the period of July through November 2017 in the amount of $47,519.52 and has failed to remit an

unknown amount of unreported contributions for December 2017 through the present, in violation of Section 515 of ERISA.

35.     Section 502(g) of ERISA provides that upon a finding of an employer violation of Section 515 of ERISA, the Court shall award to the plaintiff the unpaid benefit contributions, interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs and disbursements incurred in the action.

36.     Accordingly, pursuant to Section 502(g) and 515 of ERISA, 29 U.S.C. §§1132(g) and 1145, Concrete Industries is liable for delinquent contributions to the Funds in connection with Covered Work performed by its employees during July through November 2017 in the amount of approximately $47,519.52, for an unknown amount of unreported contributions for December 2017 through the present, and for additional amounts to be determined by the Court for statutory damages, reasonable attorneys' fees, interest on the unpaid principal, and costs and disbursements incurred in this action.

**WHEREFORE**, Plaintiffs respectfully request judgment:

(1)     on their First Claim for Relief against Concrete Industries for delinquent contributions to the Funds and the Union in connection with Covered Work performed by its employees during July through November 2017 in the amount of approximately $47,519.52, an unknown amount of unreported contributions for December 2017 through the present to be determined at trial, for an unknown amount of unreported dues check-offs and other contributions to the Union for December 2017 through the present to be determined at trial, for interest on the late payment of contributions of $5,072.87, interest on the amount of unpaid fringe benefits at an annual rate of 10%, liquidated damages in the amount of 10% of the unpaid fringe benefits adjudged to be due and owing, and attorneys' fees and costs;

(2) on their Second Claim for Relief against Concrete Industries, in the amount of delinquent contributions to the Funds in connection with Covered Work performed by its employees from July through November 2017 in the amount of approximately $47,519.52, an unknown amount of unreported contributions for December 2017 through the present to be determined at trial, and statutory damages, attorneys' fees and costs and disbursements of this action pursuant to 29 U.S.C. § 1132(g); and

(3) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 13, 2018

VIRGINIA & AMBINDER, LLP

By: ___/s/_____
Charles Virginia
Nicole Marimon
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
*Attorneys for Plaintiffs*